IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES D. SUNDLY,

                Petitioner,

      v.

DEP. J. WILSON, DEP. MARKGRAF,
DEP. SEELEY, DEP. MILLER,
SRGT. PORTER, S. KOWALSKI
and LT. PIERCE,

                Respondents.

ORDER

08-cv-506-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendants have moved for summary judgment in this prisoner civil rights case in which plaintiff James Sundly contends that defendants used excessive force against him and failed to provide him with adequate medical care while he was housed at Dane County jail in August 2007. Although plaintiff's deadline for responding has passed, he has not filed any materials in opposition to any of the three summary judgment motions filed by different groups of defendants. As a result, I must accept as true all facts properly proposed by

---

[1] The parties have declined the jurisdiction of the magistrate judge in this case. Because no Article III judge has been assigned, I am assuming jurisdiction over the case for the purpose of resolving the parties' current dispute.

1

defendants.  Doe v. Cunningham, 30 F.3d 879, 883 (7th Cir. 1994); Glass v. Dachel, 2 F.3d 733, 739 (7th Cir. 1993); Wienco, Inc. v. Katahn Associates, Inc., 965 F.2d 565, 567 (7th Cir. 1992).

In plaintiff's complaint, he alleged that defendant Wilson broke plaintiff's finger while assaulting him without provocation and that defendants Markgraf, Seeley and Miller stood by without trying to stop Wilson.  In addition, he alleged that defendants Porter, Kowalski and Pierce refused to authorize needed surgery for an injury to his finger caused by Wilson's use of force.

Defendants' proposed findings of fact tell a different story.  These facts show that plaintiff hurt his finger weeks *before* the use of force by hitting it against the wall multiple times.  Defendant Wilson did restrain plaintiff on August 30, 2007, but only because plaintiff refused to be handcuffed so that he could be moved to another cell after causing a disturbance in his cell block.  Wilson and the other officers used only the force needed to restrain plaintiff, who was struggling vigorously to break free.  At no time did Wilson bend plaintiff's finger backward, as plaintiff alleged.

After the incident, plaintiff was taken to the hospital because he was complaining of pain.  Doctors discovered that plaintiff's hand had been fractured for several weeks.  Plaintiff was told that elective surgery was available and that without it, his ring and pinky finger would be crossed.  Plaintiff refused the surgery because jail officials were going to bill him

2

for it, a decision approved by defendant Pierce.  Neither defendant Kowalski nor defendant Porter had any involvement in deciding whether plaintiff should have surgery on his finger.

In light of these facts, no reasonable jury could find that defendants violated plaintiff's constitutional rights.  With respect to plaintiff's excessive force claim, officers are entitled to use force necessary to restrain a prisoner when he refuses to comply with a valid order.  Soto v. Dickey, 744 F.2d 1260, 1267 (7th Cir. 1984) (when  correctional officer gives order to inmate "and the inmate cannot be persuaded to obey the order, some means must be used to compel compliance").

With respect to his medical claim, courts have held that prisoners do not have a constitutional right to free medical care.  Prison officials must authorize that care when it is needed, but they may charge a prisoner for care that is provided.  Reynolds v. Wagner, 128 F.3d 166 (3d Cir. 1997).   Even if I assume that charging prisoners might be impermissible under some circumstances, the facts do not show that plaintiff had a serious medical need for the surgery, which is an element of his claim.  Williams v. Rodriguez, 509 F.3d 392, 401 (7th Cir. 2007).  Plaintiff's doctor believed it was elective surgery, an opinion that plaintiff has not contradicted and upon which defendant Pierce was entitled to rely. Hayes v. Snyder, 546 F.3d 516, 526-28 (7th Cir. 2008).

3

ORDER

IT IS ORDERED that the motions for summary judgment filed by defendant Kowalski, dkt. #48, defendants Pierce and Porter, dkt. #56, and defendants Wilson, Markgraf, Seeley and Miller, dkt. #65, are GRANTED.  The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 5th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4